FILED
2019 Oct-28 PM 02:48
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

CCI-LAP I, L.P.,

    Plaintiff,

v.

HONEYWELL INTERNATIONAL, INC.,

    Defendant.

Case No.: 1:19-cv-1518-ACA

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant Honeywell International, Inc.'s ("Honeywell") motion for partial dismissal of the complaint. (Doc. 2).

Plaintiff CCI-LAP I, L.P. ("CCI") leases real property to Honeywell for operation of a facility that assembles and tests aircraft components. CCI contends that Honeywell's facility has contaminated the property with pollutants, causing two potential buyers to cancel purchase agreements for the property and forcing CCI to pay cleanup expenses. CCI asserts claims against Honeywell for breach of contract (Count One); negligence (Count Two); and wantonness (Count Three). (Doc. 1-1 at 4–5).

Honeywell has moved to dismiss CCI's wantonness claim for failure to state a claim. Honeywell also has moved to dismiss CCI's request for consequential damages and specific performance. (*See* Doc. 2). The court **GRANTS IN PART** and **DENIES IN PART** Honeywell's motion to dismiss.

The court finds, and CCI agrees, that its wantonness claim and its request for specific performance do not meet pleading standards under Federal Rule of Civil Procedure 8. Therefore, the court **GRANTS** Honeywell's motion to dismiss as to these two claims and **DISMISSES WITHOUT PREJUDICE** CCI's wantonness claim and request for specific performance. The court **DENIES** Honeywell's request to dismiss CCI's request for consequential damages because at the pleading stage, the court cannot find a matter of law that CCI is not entitled to those damages.

I. BACKGROUND

At this stage, the court must accept as true the factual allegations in the complaint and construe them in the light most favorable to the plaintiff. *Butler v. Sheriff of Palm Beach Cty.*, 685 F.3d 1261, 1265 (11th Cir. 2012). The court also may consider a document attached to a motion to dismiss if it is central to the plaintiff's claims and the authenticity of the document is not challenged. *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). Honeywell attached to its motion to dismiss a copy of the lease agreement between itself and CCI. CCI references the

lease in its complaint, the lease is central to CCI's request for damages, and CCI has not challenged the contents of the lease. Therefore, the court's description of the facts incorporates not only CCI's allegations but also the contents of the lease agreement.

CCI owns real property in Anniston, Alabama that it leases to Honeywell. (Doc. 1-1 at 2, ¶ 1). Honeywell operates its Anniston Aviation Aftermarket Center on the property. (Doc. 1-1 at 2–3, ¶¶ 2, 4). Honeywell assembles, reconditions, and tests aircraft components at the facility. (Doc. 1-1 at 3, ¶ 4).

Honeywell has occupied the property continuously since 1986 under a lease agreement that was assigned to CCI when it purchased the property in 2003. (Doc. 1-1 at 2, ¶ 3). In January 2017, CCI and Honeywell executed a lease agreement pursuant to which Honeywell agreed to continue to occupy the real property for 180 months. (Doc. 1-1 at 2, ¶ 2).

Relevant to Honeywell's motion to dismiss, the lease agreement states that Honeywell agrees not to undertake activity on the premises that will produce hazardous materials. (Doc. 2 at 29). In addition, the lease agreement provides that Honeywell "shall indemnify, defend, and hold" CCI "harmless from and against any and all losses, liabilities . . . , claims, demands, actions, suits, damages (excluding consequential, incidental, special, and punitive damages . . .)" that are

"brought or recoverable against, or suffered or incurred" by CCI "as the result of any release of" hazardous materials. (Doc. 2 at 30).

In October 2017, CCI entered a Purchase and Sale Agreement ("PSA") with a potential buyer, who agreed to buy the property for $4,550,000.00. (Doc. 1-1 at 3, ¶ 50). In December 2017, an environmental site assessment revealed Hexavalent Chromium in numerous groundwater samples taken from the property. (Doc. 1-1 at 3, ¶ 6). The concentrations of Hexavalent Chromium exceeded the United States Environmental Protection Agency's regional screening levels by various amounts. (Doc. 1-1 at 3, ¶ 6). Based on these exceedances, the potential purchaser of the property terminated its PSA with CCI. (Doc. 1-1 at 3, ¶ 7).

In April 2018, CCI entered a second PSA with another potential buyer for the sum of $4,425,000.00. (Doc. 1-1 at 3, ¶ 8). In June 2018, the second potential purchaser conducted its own environmental site assessment which revealed Hexavalent Chromium in excessive levels. (Doc. 1-1 at 3, ¶ 9). Based on those test results, in August 2018, the second potential purchaser terminated its PSA with CCI. (Doc. 1-1 at 3, ¶ 10).

CCI alleges that Honeywell's activities on the leased premises are the cause of the excessive levels of Hexavalent Chromium. (Doc. 1-1 at 4, ¶ 11). CCI claims that it has been damaged by Honeywell because the presence of Hexavalent Chromium caused it to lose two potential purchasers for the property. (Doc. 1-1 at

4, ¶ 12). CCI also alleges that it was forced to hire environmental consultants, pay legal fees, and enter an Alabama Department of Environmental Management voluntary cleanup program at its own expense. (Doc. 1-1 at 4, ¶¶ 13–14).

CCI seeks compensatory and punitive damages against Honeywell. (Doc. 1-1 at 5). CCI also demands specific performance of the terms of the lease agreement. (Doc. 1-1 at 5).

## II. DISCUSSION

Honeywell moves to dismiss CCI's claim for wantonness (Count Three) and CCI's request for specific performance and consequential damages. (Doc. 2 at 1, 4–10).

"To survive a [Rule 12(b)(6)] motion to dismiss, the plaintiff must plead 'a claim to relief that is plausible on its face.'" *Butler*, 685 F.3d at 1265 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### 1. Wantonness

In Count Three, CCI alleges that Honeywell's willful indifference of the consequences associated with its improper handling of Hexavalent Chromium contaminated the real property at issue and caused damage to CCI. (Doc. 1-1 at 5,

¶ 22). Honeywell claims that the court must dismiss this count because the complaint does not allege facts that state a plausible claim for wantonness under Alabama law. (Doc. 2 at 4–6).

Under Alabama law, wantonness is "the conscious doing of some act or the omission of some duty, while knowing of the existing conditions and being conscious that, from doing or omitting to do an act, injury will likely or probably result." *Dolgencorp, Inc. v. Taylor*, 28 So. 3d 737, 745 (Ala. 2009) (quotation marks and emphasis omitted). To state a claim for wantonness, a plaintiff must allege facts showing a "reckless or conscious disregard of the rights and safety of others." *Wal-Mart Stores, Inc. v. Thompson*, 726 So.2d 651, 654 (Ala. 1998) (emphasis omitted). CCI's allegations fall short.

CCI alleges that Honeywell acted with "willful indifference" to the consequences of its conduct (doc. 1-1 at 5, ¶ 21), but at the pleading stage, the court need not accept this legal conclusion as true. *Papasan v. Allain*, 478 U.S. 265, 286 (1986) ("Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation."). And CCI pleads no facts alleging what Honeywell did or did not do that rises to the level of reckless or conscious disregard for the rights and safety of others. Accordingly, the court

**GRANTS** Honeywell's motion to dismiss CCI's wantonness claim, and the court **DISMISSES** the claim **WITHOUT PREJUDICE**.

CCI concedes that its factual allegations "are probably insufficient to meet the heightened pleading requirements under Fed. R. Civ. P. 8(a)." (Doc. 9 at 1). CCI requests that in lieu of dismissal, the court provide CCI an opportunity to provide a more definite statement of its wantonness claim. A response in opposition to a motion is not the appropriate manner to seek leave to amend. *Rosenberg v. Gould*, 554 F.3d 962, 967 (11th Cir. 2009) ("Where a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly.") (quotation marks omitted).

Because the time to amend as a matter of course has passed, CCI must receive Honeywell's consent or the court's leave to amend. *See* Fed. R. Civ. P. 15(a). Under Federal Rule of Civil Procedure 15(a)(2), the court must "freely give leave [to amend] when justice so requires." In the absence of consent of the opposing party, counseled plaintiffs should seek leave to amend in a motion, "set[ting] forth the substance of the proposed amendment or attach[ing] a copy of the proposed amendment." *Cita Tr. Co. AG v. Fifth Third Bank*, 879 F.3d 1151, 1157 (11th Cir. 2018). The court cannot determine whether amendment is proper without seeing the substance of the proposed amendments.

2. Consequential Damages

In Count One, CCI incorporates all previous allegations in its complaint by reference and alleges that it has been damaged "as described above." (Doc. 1-1 at 4, ¶ 17). One of the previous allegations is that Honeywell's contamination of the leased property caused CCI damage because it lost two potential purchasers for the property. (Doc. 1-1 at 4, ¶ 12). Honeywell extrapolates from this allegation a request for the lost sales price or potential profit from the lost sales as damages for Honeywell's alleged breach of the lease agreement. (Doc. 2 at 6). And Honeywell contends that such damages are barred by the lease agreement. (*Id.* at 6–9; *see* Doc. 2 at 30).

The court is not convinced that CCI actually seeks as damages the lost sales price or lost profits because the prayer for relief only generally asks for "compensatory and punitive damages." (Doc. 1-1 at 5). But to the extent CCI does wish to recover the lost sales price or lost profits from the proposed sales of the property, the court finds that Honeywell's arguments on the issue are not suitable for resolution at the motion to dismiss stage.

Alabama courts enforce contractual provisions that restrict recovery of certain types of damages, as long as the provisions are not unconscionable and do not violate public policy. *Sears Termite & Pest Control, Inc. v. Robinson*, 883 So. 2d 153, 156-158 (Ala. 2003). Limitation of consequential damages where the loss

is commercial is not prima facie unconscionable. *See Leonard v. Terminix Int'l Co.*, 854 So. 2d 529, 534 (Ala. 2009) (citing Ala. Code § 7-2-719(3)). But at the pleading stage, the court does not have facts before it from which it could determine that as a matter of law whether the damages limitation clause is unconscionable or whether it violates public policy. Any arguments on that point are better saved for a motion for summary judgment after discovery.

So too is Honeywell's argument that CCI's request for consequential damages "runs afoul of the well-settled rule at common law" that the measure of damages for breach of contract includes only those which reasonably were contemplated by the parties at the time of contracting. (Doc. 2 at 8). Honeywell claims that "[a] measure of damages dependent on a lost sales opportunity involving third parties (strangers to the contract) years *after* the contract was formed cannot be said to arise naturally or in the usual course of things from breach of a lease." (*Id.* at 9) (quotation marks omitted) (emphasis in original). Maybe. Maybe not. Discovery will tell. The court cannot and will not speculate at this juncture as to what the parties contemplated at the time they entered the least agreement.

Accordingly, the court **DENIES** Honeywell's motion to dismiss CCI's request for consequential damages.

### 3. Specific Performance

In its prayer for relief, CCI "demands judgment in the form of specific performance of the terms of the subject lease agreement" based on Honeywell's alleged breach of the agreement. (Doc. 1-1 at 5). Honeywell argues that the court should dismiss CCI's request for specific performance for two reasons.

First, Honeywell contends that "[o]nly if money damages would not afford adequate relief will equity enforce the contract specifically." (Doc. 2 at 10). Generally, "one cannot have a decree for specific performance *and* damages for breach of the same contract." *Grayson v. Boyette*, 451 So.2d 798, 800 (Ala. 1984) (emphasis in original). But on occasion, the Alabama Supreme Court has "allowed both the recovery of damages and ordered specific performance of the same contract." *Id.* Moreover, at the pleading stage, "a party may state as many separate claims or defenses as it has, regardless of consistency." Fed. R. Civ. P. 8(d)(3). Therefore, the court will not dismiss the request for specific performance on this ground.

Second, Honeywell argues that CCI has not alleged facts explaining why it is entitled to specific performance. (Doc. 2 at 10). CCI agrees that its allegations in support of its request for specific performance do not meet Federal pleading standards. (Doc. 9 at 1). Therefore, the court **GRANTS** Honeywell's motion to

dismiss CCI's demand for specific performance and **DISMISSES** the request **WITHOUT PREJUDICE**.

CCI requests an opportunity to amend in lieu of dismissal. (Doc. 9 at 1–2). But as explained above, CCI must either obtain Honeywell's consent to file an amended complaint or file a motion for leave to amend setting forth the substance of the proposed amendments with respect to its request for specific performance.

## III. CONCLUSION

The court **GRANTS IN PART** and **DENIES IN PART** Honeywell's motion to dismiss. (Doc. 2). The court **GRANTS** the motion with respect to CCI's wantonness claim and request for specific performance and **DISMISSES** those claims **WITHOUT PREJUDICE**. The court **DENIES** the motion with respect to CCI's request for consequential damages.

**DONE** and **ORDERED** this October 28, 2019.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE